## IMPRISONMENT FOR FAILURE TO PAY TAXES.

Common Pleas Court of Hamilton County.

### Ex Parte John H. Flynn, Jr.

Decided, October 7, 1920.

*Constitutional Law—Validity of the Cincinnati Occupational Tax Ordinance—Provision of Fine and Imprisonment for Failure to Pay—Not in Contravention of the Constitutional Inhibition Against Imprisonment for Debt.*

The duty of a citizen to pay taxes legally imposed is a public duty owing to the sovereign, the violation of which is identical with a breach of any other law prescribing rules of conduct, and a penalty of arrest or fine for failure to pay such a tax is not in violation of the constitutional provision against imprisonment for debt.

*Eli G. Frankenstein,* attorney for petitioner.

*Saul Zielonka,* City Solicitor.

*Joseph H. Woeste,* Prosecuting Attorney of the Municipal Court.

Matthews, J.

This is an application for a writ of habeas corpus. The petitioner was charged by affidavit in the municipal court of Cincinnati with having violated Section 812-10 of the code of ordinances of the city of Cincinnati, by engaging in the occupation of machinery manufacturer without having first paid the annual occupation tax.

Having failed to appear to answer the charge a capias was issued, under which he was arrested, and at the time of the filing of the application herein he was restrained of his liberty by confinement in the police station.

It is claimed in this proceeding for a writ of habeas corpus that his confinement was illegal for the following reasons:

First. That the municipality has no power to enact an occupational tax ordinance.

Second. That the ordinance in question is unconstitutional and void because of the classification of occupations made by it.

Third. That assuming the power of the municipality to impose an occupational tax, and that the ordinance is a valid ex-

ercise of the power that it is beyond the power of a municipality to make the non-payment of such tax a misdemeanor punishable by fine and imprisonment, in that it violates Section 15 of Article I, of the Constitution prohibiting imprisonment for debt.

On behalf of the respondent, the chief of police of the city of Cincinnati, these contentions of the petitioner are controverted, and it is also urged that the writ should not be awarded for the additional ground that the petitioner had a plain and adequate remedy at law by raising these questions in the municipal court in the case in which he was arrested and by proceedings in error therefrom. These contentions will be considered in the order named:

First. It seems to the court that the first contention of the petitioner is foreclosed by the decision of the Supreme Court in the case of *State, ex rel Zielonka, v. Carrel, Auditor,* 99 O. S., 220. In that case the Supreme Court had under consideration the validity of an ordinance passed by council of the city of Cincinnati embracing an annual tax upon manufacturers of bottles and glassware articles, and osteopathic physicians. The Supreme Court held that the city of Cincinnati had the power to levy an occopational tax, and that the ordinance in question was a valid exercise of that power. The syllabus of that case is as follows:

"1. The state of Ohio, under the provisions of Section 10, Article XII, of the Constitution, has authority to levy excise taxes in the form of an occupational tax.

"2. Under the grant of power of local self-government provided for in Section 3, Article XVIII of the state Constitution, the city of Cincinnati, as long as the state of Ohio through its General Assembly does not lay an occupational tax on businesses, trades, vocations and professions followed in the state, may raise revenue for local purposes, through the instrumentality of occupational taxes.

"3. The ordinance of the city of Cincinnati providing that an annual tax shall be laid upon all persons, associations of persons, firms and corporations pursuing any of the trades, professions, vocations, occupations and businesses therein named, is a valid exercise of the legislative power of such city."

The reasoning of the court in that case answers the contentions of the petitioner in this case on the subject of the power

of the city of Cincinnati to levy an occupational tax and the decision in that case is binding upon this court.

Second. It seems to the court that that case also forecloses consideration of the second contention of the petitioner, as a matter of original research and reasoning. The court having held that an ordinance segregating the occupations of manufacturing bottles and glassware articles, and osteopathy, from all other callings and imposing a tax thereon, to be valid, it seems to this court it follows inevitably therefrom that an ordinance such as the one under consideration which classifies a multitude of occupations and imposes taxes thereon, is equally constitutional and valid. If the selection and imposition of a tax upon two occupations is not unreasonably discriminatory, certainly the inclusion of a multitude of the most common occupations would not be so unreasonably discriminatory as to exceed the legislative power of the government and require the judicial department to so declare. As is said in that case at page 226:

"It is possible that the imposition of such taxes may in certain instances be oppressive, but the same general objection can be made to taxation in any form. We must ultimately depend on the fairness and good sense of the lawmaking power."

Other cases holding that a law or ordinance providing a classification of occupations upon a reasonable basis is a valid exercise of the taxation power in the absence of state constitutional inhibition, are *City of Newton* v. *Atchison*, 31 Kas., 151; *Bell's Gap R. R. Co.* v. *Pennsylvania*, 134 U. S., 232.

Third. By section 812-10 of the ordinance in question it is provided:

"Any person, association of persons, firm or corporation carrying on any such trade, profession, occupation or business in said city without having paid the tax herein provided, shall be deemed guilty of a misdemeanor, and upon conviction thereof, shall be fined in a sum not less than five ($5.00) dollars nor more than one hundred ($100) dollars for each offense."

It was under this section that the defendant was arrested.

By Section 15 of Article I of the Constitution of Ohio, it is provided:

"No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."

It is claimed that this section of this ordinance imposing a fine for carrying on an occupation without having paid a tax violates this section of the Constitution.

It seems to the court that this contention of the petitioner fails to take into account the nature of the act on account of which the fine is imposed. The city of Cincinnati, as an agency of the state, has enacted that followers of certain occupations shall pay a tax and that the occupation shall not be pursued until and unless the tax is paid. By this ordinance a duty of citizenship is imposed which duty transcends that owing from one private citizen to another; it, instead of being classified with duties owing from one citizen to another, is properly classified as a public duty imposed by and owing to the sovereign, the violation of which constitutes a breach of public duty identical with a breach of any other law prescribing rules of conduct for the citizens.

In Cooley on Taxation, at pages 18, 19, 20 and 21, the rule on this subject is stated as follows:

"But in general, the conclusion has been reached that when the statute undertakes to provide remedies, and those given do not embrace an action at law a common law action for the recovery of the tax as a debt will not lie. The assessment of the tax, though it may definitely and conclusively establish a demand for the purpose of statutory collection, does not constitute a technical judgment; and the taxes are not 'contracts between party and party, either express or implied; but they are the positive acts of the government, through its various agents, binding upon the inhabitants, and to the making and enforcing of which their personal consent individually is not required.' They do not draw interest, as do sums of money owing upon contract; but only when it is expressly given. They are not the subject of set-off, either on behalf of the state or the municipality for which they are imposed, or of the collector, or on behalf of the person taxed, as against such state, municipality or collector. *The law abolishing imprisonment for debt has no application to taxes; and the remedies for their collection may include an arrest if the legislature shall so provide.*"

In the case of the *City of Charleston* v. *Oliver*, 16 S. C., 47, it was held:

"The city of Charleston under the authority of an ordinance of that city may give judgment for the amount of a license tax and penalty, or imprisonment for thirty days in case of non-payment."

South Carolina had, at the time, a constitutional inhibition against imprisonment for debt.

In the annotation to *Carr* v. *State*, 34 L. R. A., 654, the rule is stated thus:

"In cases where it has been sought to enforce the payment of taxes by attachment and imprisonment, the question has been raised whether such proceedings are unconstitutional as being contrary to the provisions of the state constitutions prohibiting imprisonment for debt. The courts have, however, for the most part, held such proceedings regular, holding that taxes are not debts within the constitutional inhibition. Taxes are not debts within the meaning of the Constitution of the United States."

The collection of cases on this subject in the aforesaid annotation, are of the same uniform tenor and support the rule. See also, *Palmer* v. *McMahan*, 133 U. S., 660.

It seems to the court that the reasoning in the case of *State, ex rel Cook*, v. *Cook*, 66 O. S., 566, in which it was held that the decree for alimony could be enforced by contempt proceedings, is equally applicable to the solution of the question before the court. At page 572 the court in that case said:

"It seems manifest that so far as the obligation of the husband enters into the consideration and affords a basis for the court's action, it is not a debt in the sense of a pecuniary obligation; it arises from a duty which the husband owes as well to the public as to the wife, but it is not upon any specific contract; nor is the proceeding in which the adjudication is had a civil action. The liability originates in the wrongful act of the husband against the consequences of which the public as well as the wife has the right to be protected."

So in the case at bar the obligation of the petitioner was not created by any agreement on his part, but was imposed by the sovereign power upon him against his will, and became a part of his public duties as a citizen; and for that reason the court is of the opinion that the constitutional provision against imprisonment for debt has no application to the penal provisions contained in the occupational tax ordinance.

Fourth. While it is not necessary, in view of the conclusions already announced, to pass upon the respondents contention that the petitioner has a plain and adequate remedy at law, and therefore is not entitled to the writ of habeas corpus, it is not inappropriate to say, in answer to the contention that an unconstitutional law confers no jurisdiction even upon a court having general jurisdiction in criminal matters, that whenever a court assumes to hear and determine a charge defined as criminal by an *unconstitutional law* it is not hearing a *criminal charge* and is acting beyond its jurisdiction. Such being the law it follows that imprisonment pending or after judgment in such a proceeding is illegal and the person so deprived of his liberty is entitled to the writ of habeas corpus. Bailey on Habeas Corpus, Sec. 37.

For the foregoing reasons the application for writ of habeas corpus is denied and the petitiner remanded to the custody of the chief of police.